OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The objection to the charge concerning reasonable doubt was not preserved (People v Thomas, 50 NY2d 467), nor are the errors considered by the Appellate Division available for our review (People v Cona, 49 NY2d 26; People v Johnson, 47 NY2d 124; People v Williams, 46 NY2d 1070).
Though the claim of ineffective assistance of counsel can be made for the first time before us (People v Baldi, 54 NY2d 137), a reading of the record, without more, does not bear out the claim that defendant did not have meaningful representation (People v Baldi, supra). Though defense counsel’s summation left something to be desired it made clear that the defense was misidentification. The claimed conflict between the backup officer’s description of defendant and that of the undercover turns out on examination of the record to be a typographical error.* Counsel did cross-examine when there was something to cross-examine about. Reviewing the record without the benefit of knowing, as might have been developed had an appropriate after-judgment motion been made, what was in defense counsel’s mind, we cannot conclude that defendant’s counsel was ineffective.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.

 The backup officer’s description included “He wore a beard, necklace around his neck which was pretty tight. He had a close cropped afro, clean shaven.” The undercover description was in part “small afro and he had beads around his neck.” Defendant could not both be clean shaven and wearing a beard. That the word should be “bead” is clear from the context and from the inconsistency in the backup officer’s testimony if the word is read as “beard”.