■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DANIELS, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered November 5, 1990, convicting defendant after a jury trial of two counts of robbery in the first degree and one count of robbery in the second degree, and sentencing him as a persistent felony offender to concurrent terms of 15 years to life, 15 years to life and 10 years to life, respectively, unanimously affirmed.

Defendant was convicted of robbing both an 84 year old woman and an aide who resided with her. During the course of the robbery, defendant stabbed the aide, and broke her arm. Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings on credibility (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), under the standards set forth in *People v Bleakley* (69 NY2d 490, 494-495) defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of that evidence. No reasonable view of this evidence would have supported submission of any degree of grand larceny as a lesser included offense of robbery (CPL 300.50 [1]; *People v Glover*, 57 NY2d 61). By failing to seek postjudgment relief to challenge the effectiveness of his trial representation, defendant has failed to present an adequate record for review (CPL 440.10; *People v Jones*, 55 NY2d 771, 773; *People v Brown*, 45 NY2d 852, 853-854). On the face of the present record, we cannot conclude that defendant was denied meaningful representation within the meaning of *People v Baldi* (54 NY2d 137, 147). We have examined defendant's remaining contentions, not all of which were preserved, and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger and Ellerin, JJ.