■ Eternity DuBray et al., Appellants, v Warner Bros. Records, Inc., et al., Respondents. [624 NYS2d 806] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on October 8, 1993, unanimously affirmed for the reasons stated by Fingerhood, J., without costs and disbursements. No opinion. Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.

■ The People of the State of New York, Respondent, v Craig Maddox, Appellant. [624 NYS2d 803] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered April 21, 1993 which, after a jury trial, convicted defendant of robbery in the first degree and sentenced him to a prison term of from 4 to 12 years, unanimously affirmed.

After reviewing the trial record we cannot say that the defense theory, that defendant was the innocent victim of overzealous police action, was ineffective, or that defendant's attorney failed to provide meaningful representation sufficient to satisfy the constitutional requirement (People v Baldi, 54 NY2d 137, 147; People v Jackson, 52 NY2d 1027, 1029). The foregoing determination is made without the benefit of knowing what was in defense counsel's mind, a point which may have been developed had an appropriate post-judgment motion been made pursuant to CPL 440.10 (People v Jones, 55 NY2d 771, 773).

To the extent that defense counsel's opening statement may have suggested that defendant had the burden of proof to demonstrate his innocence, any prejudice caused thereby was eliminated by the court's subsequent instructions regarding the burden of proof. Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.