■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAWN PITTERSON, Respondent. [650 NYS2d 225] —Order, Supreme Court, New York County (Harold Beeler, J.), entered on or about November 10, 1994, which granted defendant's motion for reinspection of the Grand Jury minutes and dismissal of the indictment, to the extent of reducing the sole count charging him with criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree, unanimously modified, on the law, to the extent of vacating such reduction and instead reducing the count to criminal possession of a controlled substance in the third degree, and otherwise affirmed.

The evidence presented to the Grand Jury demonstrates that defendant was seized after boarding the bus at the Port Authority Bus Terminal and that his travel bag was found to contain a brown paper bag which contained approximately three ounces of cocaine, packaged in 506 mini ziplock bags. This evidence was insufficient to establish that defendant was aware that he possessed at least two or more ounces, the threshold amount required for second-degree possession (Penal Law § 20.18 [1]; *see, People v Sanchez*, 86 NY2d 27, 34-35). However, it was sufficient to establish defendant's awareness that the cocaine weighed $1/2$ ounce or more, the threshold for third-degree possession (Penal Law § 220.16 [12]; *see, People v Sanchez, supra*, at 34). Accordingly, the count should have been reduced to third-degree possession, rather than seventh-degree possession. We have considered the People's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.