■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAWLE HOYTE, Respondent. [709 NYS2d 537] —Order, Supreme Court, Bronx County (Frank Torres, J.), entered on or about November 8, 1999, which granted defendant's motion to vacate a judgment, same court and Justice, rendered October 30, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony offender, to a term of 15 years to life, and ordered a new trial, unanimously reversed, on the law, the conviction reinstated and defendant's motion to vacate his judgment of conviction remitted for a hearing.

Contrary to the People's assertion, the court properly entertained defendant's motion to vacate the judgment of conviction made on the ground of ineffective assistance, since it was based upon a combination of matters dehors the record and closely related matters discernible on the record (*see*, CPL 440.10 [2] [b]). However, and notwithstanding that there are serious issues relating to the effectiveness of defendant's counsel, the court erred in summarily granting the motion (*see*, CPL 440.30 [3], [5]). This issue is properly before us because the People never conceded the nonrecord factual allegations concerning "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709) essential to support the motion (*see*, CPL 440.30 [3] [c]). Under the circumstances of the case, counsel's reasons for his strategic choices were clearly material (*compare*, *People v Satterfield*, 66 NY2d

796, 799) and were not established, particularly where no affidavit from counsel was submitted nor was an explanation for the failure to do so provided. Likewise, none of the essential nonrecord allegations were "conclusively substantiated by unquestionable documentary proof" (CPL 440.30 [3] [c]). Concur—Mazzarelli, J. P., Ellerin, Lerner, Andrias and Friedman, JJ. [See, 183 Misc 2d 1.]