*588 OPINION OF THE COURT
William Mogulescu, J.
The defendant was indicted for the crimes of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), based on his alleged possession of cocaine with an aggregate weight of dVs ounces plus 14 grains. After a jury trial the defendant was convicted of criminal possession of a controlled substance in the first degree, and on October 30, 1996 was adjudicated a predicate felony offender and sentenced to an indeterminate term of imprisonment of 15 years to life. On July 30, 1999, defendant moved the trial court (Torres, J.) to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h) on the ground that he received ineffective assistance of counsel. Specifically, defendant argued that counsel was ineffective in that counsel failed to file pretrial motions to inspect and dismiss the indictment and to suppress statements and contraband. Defendant also contended that he received ineffective assistance of counsel in that counsel failed to object to the court’s charge to the jury which omitted the element of defendant’s knowledge of weight of the contraband in accordance with People v Ryan (82 NY2d 497 [1993]).[1] Defendant also maintained that counsel was ineffective by failing to request a Ryan charge and by failing to request the submission of any lesser included offenses. The trial court granted defendant’s motion on November 8, 1999, and ordered a new trial. The Appellate Division, in a decision dated June 8, 2000,[2] reversed the trial court’s order and remitted the matter for a hearing, finding that counsel’s reasons for his strategic choices were not, in the absence of an affidavit, established and that none of the nonrecord allegations were “conclusively substantiated by unquestionable documentary proof’ (CPL 440.30 [3] [c]).
On July 17, 2000, a hearing was held before this court. Based on the testimony adduced therein, as well as a consideration of *589 the submissions of the defendant and the People and the trial proceedings, this court finds that defendant was denied effective assistance of counsel.
The sole witness to testify at the hearing was the trial attorney. Regarding his failure to file any pretrial motions on his client’s behalf, including a motion to inspect and dismiss, as well as a motion to suppress statements attributed to the defendant and a motion to suppress contraband, the defense attorney testified that he did not want to jeopardize his client’s bail status by either calling attention to the fact that his client was not incarcerated or by providing the People with a changed circumstance that might then result in a new bail application.[3] Counsel also stated that since he knew that motions to inspect and dismiss were for the most part pro forma there would be little to gain in making such a motion but that the almost assured finding of sufficiency upon the court’s review of the Grand Jury minutes would provide the People with another opportunity to seek a change in defendant’s bail status. With this in mind it was counsel’s strategy from the inception of the case not only to keep all appearances as brief as possible but not to cause any changes to the posture of the case in order to preserve his client’s bail status. With regard to his failure to make suppression motions, counsel testified that it was his strategy to forego making any suppression motions and to avoid any suppression hearings so that the police officers’ testimony would remain unrehearsed for trial.[4] He further indicated that there was no factual basis to challenge the seizure of the drugs as the defendant at all times denied that he ever possessed the seized package. Counsel also stated he wanted the jury to be *590 privy to the defendant’s postarrest statement[5] because the “statement in and of itself is so incredulous as to what a layperson would tell a police officer in terms of weight * * * I wanted the statement in because it was so incredibly unbelievable. I wanted the jury to understand that they were framing [defendant].”
Regarding his failure to request the submission of a lesser included offense, counsel testified that he chose not to do so as part of his strategy of “going for an acquittal.” Counsel elaborated that he “wanted the verdict sheet to be as clean as possible * * * I made the jury aware that [defendant] is being accused of an A-l felony, and that’s the equivalent of a murder charge.” Finally, as to his failure either to object to the trial court’s failure to charge under People v Ryan (82 NY2d 497, supra) that before he could be convicted the People would have to prove beyond a reasonable doubt that the defendant knew that the drugs in question weighed more than four ounces, or to request affirmatively such a charge, counsel candidly admitted that he was unaware of the applicability of Ryan to the present matter and that had he been so aware he would have “absolutely” requested the appropriate charge on the knowledge requirement as mandated by that case.[6] Counsel believed that since the Legislature’s modification of Ryan had occurred prior to the trial that Ryan was not relevant. Of course, the date of the defendant’s alleged possession of the drugs was prior to the effective date of the Legislature’s reaction to the decision in Ryan.
In reviewing a claim of ineffective assistance of counsel “care must be taken to ‘avoid both confusing true ineffectiveness * * * with mere losing tactics and according undue significance to retrospective analysis.’ ” (People v Satterfield, 66 NY2d 796, 798 [1985], quoting People v Baldi, 54 NY2d 137, 146 [1981].) The constitutional requirement of effective assistance of counsel does not guarantee a perfect trial, but assures the defendant a fair trial. (People v Claudio, 83 NY2d 76, 80 [1993].) In Strickland v Washington (466 US 668 [1984]), the Supreme Court established a two-prong test where to prevail *591 on a claim of ineffectiveness of counsel it must be demonstrated that counsel’s conduct was not reasonably competent, and that but for counsel’s errors there was a reasonable probability that the result of the proceeding would have been different. Under New York law, prejudice to defendant is considered more generally such that claims of ineffectiveness of counsel are evaluated in terms of whether “meaningful representation” was provided under the circumstances of a particular case when viewed in totality. (People v Baldi, supra, at 147; People v Benevento, 91 NY2d 708, 713 [1998].) A single error by counsel which “so seriously compromises a defendant’s right to a fair trial * * * will qualify as ineffective representation.” (People v Hobot, 84 NY2d 1021, 1022 [1995]; People v Ferguson, 114 AD2d 226 [1st Dept 1986] [failure to make timely motion for suppression deprived defendant of effective assistance of counsel]; Flores v Demskie, 215 F3d 293 [2d Cir 2000] [applying the two-prong analysis of Strickland, court found that trial counsel’s waiver of a Rosario claim constituted ineffective assistance of counsel where had such a claim been made it would have entitled defendant to a new trial].) It is the defendant’s burden to demonstrate that he was denied effective assistance of counsel. (People v Flores, 84 NY2d 184, 186 [1994]; People v Benn, 68 NY2d 941 [1986].)
Applying these principles to the instant matter this court finds that the defendant has adequately demonstrated that he was denied effective assistance of counsel. Counsel did articulate a clear strategy for foregoing both a motion to inspect and dismiss and a motion for suppression, and while this strategy might not, in retrospect, have seemed the wiser course, it cannot be said that these decisions of counsel were void of an exercise of reasonable professional judgment.[7] Nor can counsel’s strategic reason to forego requesting the submission of a lesser included offense be considered a failure to provide effective assistance of counsel. Again, while upon review it might have seemed more prudent to request the submission of a lesser included offense, the standard of review here is not a retrospective one, but rather one that compels a review of counsel’s performance considered at the time of representation. A failure to request the submission of a lesser included offense as part of a strategic tactic is a choice often made by defense counsel and cannot be considered less than reasonable here.
*592 However, counsel’s failure either to object to the court’s charge or to request affirmatively the inclusion of Ryan language because he did not know that the holding applied to the instant case is extremely troubling. It would seem to be a minimal requirement of constitutionally competent representation that an attorney be aware of all of the elements necessary to support a conviction of any of the crimes charged in the indictment. Without even this limited level of knowledge of the law it is difficult to understand how any attorney’s representation can be considered to be effective or competent in any case, whether a defendant is charged with the lowest misdemeanor or, as here, where the highest crime charged carries a mandatory minimum prison sentence of 15 years to life. There is simply no excuse for an attorney to be unfamiliar with the law as it applies to the elements of the crimes charged.
In this case the trial court charged the jury on four elements of criminal possession of a controlled substance in the first degree, viz., that defendant possessed the contraband, that the item possessed was cocaine, that defendant knowingly and unlawfully possessed the cocaine, and that the cocaine weighed four or more ounces. The court did not charge, nor did counsel request that the jury be instructed, that in order to convict defendant of this crime they must find that defendant knew that the contraband weighed four ounces or more, as required by the Court of Appeals decision in Ryan (supra).[8] In contrast to the aforementioned errors of omission, as to his failure to request a Ryan charge counsel offered no strategic reason for his omission, and in fact testified that had he been aware of the applicability of Ryan to the instant case he . would have certainly requested that the jury be so charged.
The prejudice to defendant by counsel’s omission is obvious. By failing to instruct the jury on the scienter requirement the jury was relieved of its obligation to find that the People proved defendant’s knowledge of the weight of the drugs possessed and thereby removed an element of the charged crime from the jury’s consideration. A failure to convict a defendant on less *593 than, a finding of guilt beyond a reasonable doubt on all elements of a particular crime constitutes error. (People v Blacknall, 63 NY2d 912 [1984].) Further, here it is most probable that the jury would have failed to convict defendant of this charge. In order to sustain a finding of guilt of the charge in question, the People were required to prove that defendant knowingly possessed four or more ounces of contraband. Here, the evidence offered at trial was that the contraband weighed 4V8 ounces plus 14 grains, only slightly more than the requisite four ounces. In similar cases courts have found that where the weight of the drugs possessed was so close to the statutory limit, the absence of additional factors which might suggest a familiarity with drugs and therefore support a finding that defendant knew of the weight the drugs possessed will render the evidence insufficient as a matter of law to support the knowledge of weight element. (See, People v Perez, 236 AD2d 270 [1st Dept 1997] [evidence of possession of a bag containing 43/s ounces for an unspecified period of time, without more, insufficient to establish that defendant had knowledge of possession of at least four ounces]; People v Delacruz, 222 AD2d 302 [1st Dept 1995] [evidence that defendant was observed placing a package containing 43/s ounces of cocaine under seat of a cab, without more, failed to establish knowledge of weight]; People v Pitterson, 234 AD2d 79 [1st Dept 1996] [seizure of defendant’s travel bag from bus terminal which contained three ounces of cocaine packaged in 506 mini-ziplock bags insufficient to establish defendant’s knowledge of weight required for second degree possession].)
The jury in this case grappled with the issue when it queried the court whether “quantity determines intent” in its deliberation note.[9] Further, defendant’s statement attributed to him upon his arrest that he knew the drugs were over three ounces is consistent with a finding that defendant lacked knowledge of the actual weight of the drugs he possessed. Moreover, the circumstances surrounding defendant’s arrest do not shed any light on defendant’s knowledge of the weight of the contraband. There was no observation of defendant handling or otherwise attempting to sell the drugs prior to his arrest. In fact, the *594 drugs were discovered when the officer followed defendant into a restaurant, and in response to being seized defendant threw the package containing the drugs onto a counter. In these circumstances it is reasonable to conclude that had the jury been fully instructed they would have acquitted defendant of the charge of criminal possession of a controlled substance in the first degree.
Further, given the holdings in Perez (supra), Delacruz (supra) and Pitterson (supra), a conviction on the count could, if the issue was preserved, have been attacked on direct appeal. In Flores v Demskie (215 F3d 293, supra), the Second Circuit’s finding of ineffective assistance of counsel was based on the trial attorney’s failure to recognize that a per se Rosario violation could well lead to the granting of a new trial either by the trial court or on appeal. Thus, in this case counsel’s representation can be considered further inadequate by his failure to preserve this strong issue for appeal. In People v Gray (86 NY2d 10 [1995]), the Court of Appeals ruled that “where a defendant seeks to argue on appeal, in accordance with People v Ryan * * * that the People have failed to establish the defendant’s knowledge of the weight of drugs, preservation of that contention is required by appropriate objection.” (Id., at 18.) Although the defendant could still request that the Appellate Division apply their “interest of justice jurisdiction” there is a substantial difference between an appeal based on ¿a preserved point and one where the appellate court has the power to address an issue, if it decides to do so, “in the interest of justice.” (See, CPL 470.15.)
Applying either the Federal or State standard, in his failure to request the applicable charge, counsel failed to provide meaningful representation, and there was certainly a reasonable probability that, but for counsel’s errors, the result would have been different.
Accordingly, the judgment convicting the defendant of criminal possession of a controlled substance in the first degree is vacated and a new trial is ordered.

. People v Ryan (82 NY2d 497 [1993], supra) was decided on December 16, 1993. Therein the Court of Appeals held that the element “knowingly” applied to all elements of the offense and that therefore a defendant’s possession of the contraband must also include his knowing possession of the weight of the contraband where weight is an element of the offense. Subsequent to the Court of Appeals decision in Ryan, legislation was enacted making the weight of the substance a question of strict liability for crimes committed on or after June 10, 1995.

. People v Hoyte, 273 AD2d 48 (1st Dept 2000).

. The court file reflects that at defendant’s arraignment in criminal court bail was fixed in the amount of $15,000 insurance company bail bond or cash bail. The court file further reflects that when the People failed to meet their GPL 180.80 obligations, defendant was released on his own recognizance. Counsel testified that in his experience it was a “miracle” to represent a predicate felon who was currently charged with an A-l felony at liberty during the pendency of a case, and that counsel told defendant that it was his strategy to keep him “free as long as I can until the moment of your trial. And I explained to him that, at each time we appeared before the Judge, there may be times when the People might wake up and say, hey, look, we should have bail on this guy. And so I told him * * * I’m going to try to make [the appearances] quick.”

. Counsel testified: “I didn’t want them to get a feel for my cross-examination. I wanted them, at the time of trial, to be hit with my cross-examination and to let the jury hear the incredibility of their testimony.”

. The statement for which notice was given was “I’m on probation. I knew it was over three ounces of cocaine.” (People’s voluntary disclosure form.)

. Counsel did testify, however, that even had he been aware of the applicability of Ryan (supra), he would not have made a motion to inspect and dismiss the indictment because he did not want to “draw attention at an early stage of this case to the prosecution that my client was free.”

. This court does take note of the fact that in light of counsel’s testimony at the instant hearing it appears that counsel would have had a difficult time establishing the requisite standing either to obtain a Mapp hearing or to prevail at that hearing should one have been ordered.

. This court rejects the People’s argument that Ryan (supra) does not compel such a charge because, as the People now argue, Ryan did not “create a new element for possessory narcotics offenses, but rather interpreted the meaning of the statutory language.” The Court of Appeals spoke quite clearly in Ryan, and it is plainly apparent to this court, that in those cases where the crime was committed post-iZyore but prior to the legislative enactment which effectively overruled Ryan, the trial court is required to charge that a defendant must know the weight of the contraband possessed or sold. (See, 2 CJI2d[NY] PL art 220.)

. Compounding the prejudice of the incomplete charge was the court’s response to the jury note wherein it embellished its original charge with an instruction that quantity by itself does not determine intent and that quantity was but one factor for the jury to consider in determining defendant’s intent. The jury did acquit the defendant of criminal possession of a controlled substance in the third degree, possession with intent to sell.