■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODWYN McFARLANE, Appellant. [733 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered July 26, 1999, convicting him of assault in the second degree, criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

To sustain a conviction for assault in the second degree pursuant to Penal Law § 120.05 (3) there must be proof beyond a reasonable doubt that the defendant "[w]ith intent to prevent a * * * police officer * * * from performing a lawful duty * * * cause[d] physical injury to such * * * police officer." Physical injury is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The evidence adduced was legally insufficient to establish physical injury, i.e., that the police officer suffered substantial pain within the meaning of Penal Law § 10.00 (9) (*cf., Matter of Philip A.,* 49 NY2d 198). Moreover, no evidence was adduced that the officer suffered any impairment of physical condition. Consequently, the conviction of assault in the second degree must be vacated.

The defendant's remaining contention is without merit. Bracken, P. J., S. Miller, McGinity and Luciano, JJ., concur.