■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAWLE HOYTE, Respondent. [741 NYS2d 873] —Order, Supreme Court, Bronx County (William Mogulescu, J.), entered on or about September 6, 2000, which, upon remittitur from this Court (273 AD2d 48) and after a hearing, granted defendant's motion to vacate a judgment, same court (Frank Torres, J.), rendered October 30, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony offender, to a term of 15 years to life, unanimously affirmed.

The record supports the hearing court's determination (185 Misc 2d 587) that defendant was deprived of effective assistance because his trial counsel did not request the court to instruct the jury, pursuant to *People v Ryan* (82 NY2d 497), that the People were required to prove that defendant knew he possessed the weight of drugs specified by the statute. There is no basis upon which to disturb the court's determinations concerning credibility. The hearing evidence established that counsel's failure to request a *Ryan* charge was an error and not a strategic choice. Counsel would have requested such a charge had he realized that *Ryan* was applicable to defendant's case because of the date of the crime, notwithstanding the fact that the case was tried after the enactment of Penal Law § 15.20 (4), eliminating the knowledge-of-weight requirement. Given the trial evidence, a *Ryan* charge would have been compatible with defendant's trial strategy, and the absence of such a charge was prejudicial. Accordingly, counsel's lack of awareness of the applicability of *Ryan* seriously affected the fairness of the proceedings as a whole (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.