■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MENDOZA, Appellant. [748 NYS2d 665] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered February 11, 1998, convicting him of murder in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MENDOZA, Appellant. [748 NYS2d 666] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Braun, J.), dated October 5, 2001, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered February 11, 1998, convicting him of murder in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

After sentencing, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel based on the court's denial of two applications for a Spanish interpreter, even though a courtroom interpreter had been provided to the defendant at different times. The Supreme Court denied the motion on both procedural and substantive grounds. The Supreme Court

concluded that sufficient facts appeared on the record to permit adequate review of the defendant's claim on direct appeal (*see* CPL 440.10 [2] [b]). The Supreme Court also concluded that the claim of ineffective assistance of counsel was without merit.

The Supreme Court erroneously concluded that the motion was procedurally barred. Although discussion of the issue of whether the defendant was entitled to the Spanish interpreter appears on the record, the defendant's claim involves affidavits and other matters dehors the record which could not be reviewed on direct appeal (*see People v Rivera,* 71 NY2d 705, 708; *People v Jones,* 55 NY2d 771, 773; *People v Brown,* 45 NY2d 852; *People v Delarosa,* 287 AD2d 735, 736). Thus, the defendant was not procedurally barred from moving pursuant to CPL 440.10 to vacate the judgment of conviction. However, we agree with the Supreme Court's conclusion that the claim of ineffective assistance of counsel was without merit. Accordingly, the motion was properly denied. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.