■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOON PARK, Appellant. [876 NYS2d 94]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered August 9, 2006, as amended August 23, 2006, convicting him of arson in the second degree, reckless endangerment in the first degree, criminal mischief in the second degree (two counts), and assault in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the third degree under count nine of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention regarding any error in the admission of certain testimony of the fire marshal was not preserved for appellate review and, under the circumstances, we decline to address it in the exercise of our interest of justice jurisdiction (*see People v Maldonado,* 157 AD2d 674 [1990]; *People v Jackson,* 47 AD2d 639 [1975]).

The trial court did not improvidently exercise its discretion when it did not reopen the case to allow the defendant to testify after the jury had begun deliberations (*see People v Washington*, 71 NY2d 916, 918 [1988]; *People v Maisonet*, 304 AD2d 674, 675 [2003]; *People v Farrow*, 176 AD2d 130, 131 [1991]; *cf. People v Terry*, 309 AD2d 973, 974-975 [2003]).

Although the trial transcript reflects generally on the issue of whether the defendant received effective assistance of counsel, the defendant's claim is premised largely on affidavits and conversations dehors the record, which cannot be reviewed on direct appeal (*see People v Noble*, 227 AD2d 238 [1996]; *accord People v Mendoza*, 298 AD2d 532, 533 [2002]; *People v Hoyte*, 273 AD2d 48 [2000]; *People v Harris*, 109 AD2d 351, 355-357 [1985]). Consequently, the facts available for consideration on direct appeal are insufficient to permit adequate review of the defendant's contention that he was deprived of his right to effective assistance of counsel (*see People v Denny*, 95 NY2d 921, 923 [2000]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998, 1000 [1982]; *People v Jones*, 55 NY2d 771, 773 [1981]).

As the People correctly concede, even when viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally insufficient to establish that the defendant committed assault in the third degree upon the complainant Dong-Julia Lee, as charged under count nine of the indictment (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Baksh*, 43 AD3d 1072, 1073-1074 [2007]; *People v McFarlane*, 288 AD2d 493, 493 [2001]). Accordingly, the conviction of assault in the third degree under count nine of the indictment and the sentence imposed thereon must be vacated, and count nine of the indictment must be dismissed.

To the extent that defense counsel failed to object to the hypothetical questions posed to the defendant's expert, the contentions with respect thereto were not preserved for appellate review (*accord Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725 [1984]; *Panzarino v Carella*, 247 AD2d 521, 523 [1998]), and we decline to address them in the exercise of our interest of justice jurisdiction. Insofar as defense counsel objected to the challenged hypothetical questions, they were improper as they assumed facts not in evidence (*see People v Bethea*, 261 AD2d 629, 630 [1999]; *People v Colon*, 238 AD2d 18, 21 [1997]). However, in light of the fact that the evidence against the defendant with respect to all crimes, except for the one count of assault in the third degree that we are dismissing, was otherwise overwhelming, and there is no significant probability

that the defendant would have been acquitted if not for the error in permitting the testimony, the errors were harmless (*see People v Phillips*, 269 AD2d 610 [2000]). Rivera, J.P., Ritter, Miller and Chambers, JJ., concur.