■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HARAMI, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 9, 1981, convicting him of attempted burglary in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. On January 28, 1981, 16-year-old Eileen Miller arrived home from school at approximately 1:00 P.M. She was home alone that afternoon and at approximately 4:00 P.M. she heard the back doorbell ring. She looked out an upstairs window, and although she saw no one at the back door, she did notice an unfamiliar white car parked in the driveway. Approximately a minute later the front doorbell rang. The witness looked out the window and saw defendant at the dining room window. Defendant rang the doorbell again and began rattling the screen door. At this point the witness called the police. While on the telephone, she heard the sound of glass breaking. She then ran and hid in the next room. Officers Thomas Carney, John Barbato and Wayne Baci responded to her call. Upon their arrival they observed defendant standing in the vestibule of the house. In response to questioning by Officers Barbato and Baci, defendant explained that he had recently been beaten up and that he was looking for a person named Feldman whom he thought might know who had attacked him. While Officers Barbato and Baci questioned defendant, Officer Carney observed in the vestibule outside the front door that two panes of glass next to the front door were broken and that a big wrench was lying on the floor. In addition, Officer Carney noticed that the screen on one of the dining room windows appeared to have been partially removed. Defendant was placed under arrest, advised of his constitutional rights, and taken to the station house. During the course of the evening, defendant told Officer Barbato that he had broken the window in order to leave a message for Feldman. Ms. Miller testified at trial that years ago a family named Feldman had owned and lived in the house. After presentation of the People's case, the defendant rested without calling a witness. The court then heard requests to charge from each side and the trial was adjourned for the weekend. When trial resumed the following Monday morning, and before the jury was brought into the court, the defendant requested that he be allowed to take the stand. The court noted that defendant's attorney had advised him against taking the stand, that no conflict had arisen with respect to defendant's taking the stand until that moment and that should the defendant take the stand he would be subject to cross-examination. The trial court then denied the defendant's request and directed that counsel proceed with summation. Defendant was subsequently found guilty of attempted burglary in the third degree, possession of burglar's tools and criminal mischief in the fourth degree. "In this State the order of trial in criminal cases is fixed by statute (CPL 260.30, formerly Code Crim. Pro., § 388). The statutory framework however is not a rigid one and the common-law power of the trial court to alter the order of proof 'in its discretion and in furtherance of justice' remains at least up to the time the case is submitted to the jury" (*People v Olsen,* 34 NY2d 349, 353). In view of the magnitude and fundamental nature of one's right to be heard in criminal proceedings commenced against him (see NY Const, art I, § 6; CPL 60.15; *People v Courtney,* 94 NY 490; *Connors v People,* 50 NY 240; *People v Angelillo,*

105 Misc 2d 338, 342; *Carter v Illinois,* 329 US 173, 174), we hold that the trial court abused its discretion in the case at bar by denying defendant's request to take the stand and testify in his own behalf. In so holding we note that there was no objection or claim of prejudice lodged by the prosecution and that the defendant's proffered testimony was relevant to a key issue at trial, namely, defendant's intent at the time of the alleged attempted entry. In view of the constitutional magnitude of the error and the fact that it cannot be said that the error was harmless beyond a reasonable doubt, a new trial is required (see *People v Almestica,* 42 NY2d 222; *People v Crimmins,* 36 NY2d 230). Titone, J. P., Thompson, O'Connor and Bracken, JJ., concur.