■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS BURKE, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Clinton County (Garvey, J.), rendered November 15, 1988, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On October 6, 1987 a routine search of defendant's prison cell produced a sharpened steel rod as well as a stone and a piece of sandpaper. Defendant had been in keeplock confined to his cell 23 hours each day for two weeks. The rod had been wrapped in a towel and stuffed behind the toilet at the rear of the cell. Defendant was charged with criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. After trial he was acquitted of the criminal possession charge but convicted on the contraband charge. He was sentenced as a second felony offender to a prison term of 3 to 6 years. This appeal ensued.

Of the several arguments in his brief, defendant's contention that he was denied his fundamental right to testify on his own behalf requires our initial consideration. The record shows that during an in-chambers discussion at an early stage of the trial, defendant stated that he wanted to take the stand in his own defense. After the close of the People's case during another in-chambers conference, defense counsel, who had advised defendant not to take the stand, attempted to ascertain whether defendant wanted to testify. Defendant vacillated with rambling responses, first indicating his desire to testify and subsequently appearing to acquiesce to his counsel's recommendation that he decline. After the defense rested and during the charge conference, defendant clearly and unambiguously sought to testify whereupon counsel moved to reopen for that purpose. County Court denied the application. For the reasons that follow, we find that there must be a reversal and a new trial ordered.

While the order of trial is fixed by statute in criminal cases (CPL 260.30), the statutory framework is not so rigid that the common-law power of the trial court to alter the order of proof " 'in its discretion and in furtherance of justice' " cannot be exercised at least until the case is submitted to the jury (*People v Olsen*, 34 NY2d 349, 353, quoting *People v Benham*, 160 NY 402, 437; *accord, People v Hendricks*, 114 AD2d 510, 513).

Under the circumstances of this case, we find that it was an abuse of discretion as a matter of law for County Court to deny defendant's motion to reopen the defense and to permit his testimony. The magnitude and fundamental nature of one's right to be heard in criminal proceedings pending against him *(see,* US Const 14th Amend; NY Const, art I, § 6; CPL 60.15; *People v Olsen, supra; People v Harami,* 93 AD2d 867; *see also, People v Hendricks, supra)* compels a finding that the error cannot be found harmless beyond a reasonable doubt *(see, People v Harami, supra,* at 868). The circumstances here are distinguishable from *People v Washington* (71 NY2d 916), where the refusal to reopen the defense to permit the defendant to testify occurred after summations had been completed. Here, the denial was an abuse of discretion requiring that a new trial be ordered *(see, People v Washington,* 145 AD2d 670).

In view of the fact that a new trial is required, we decline to reach defendant's other contentions.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial. *[See,* — AD2d —, (Jan. 30, 1992).]