■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL FRANCO, Appellant. [708 NYS2d 62] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered May 14, 1997, convicting defendant, after a jury trial, of assault in the second degree, attempted criminal possession of a weapon in the third degree and attempted grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to consecutive terms of 7 years and 4 years, concurrent with a term of 1 year, unanimously modified, on the law, to the extent of reducing the sentence on the conviction for attempted criminal possession of a weapon in the third degree to a term of 2 to 4 years, consecutive to the sentence on the assault conviction, and otherwise affirmed.

The court properly exercised its discretion in removing defendant from the courtroom during supplemental instructions to the jury. Defendant's extended pattern of disruption had reached a point where it was manifestly necessary to remove him in order to prevent the jury from being distracted by defendant's interruptions. Defendant had ignored repeated admonitions to behave (*see, People v Byrnes*, 33 NY2d 343, 349-350), and his disruptive conduct continued even after the court announced its decision to remove him. Defendant's opportunity to communicate with counsel was sufficient given the circumstances of this brief and limited exclusion.

The court properly exercised its discretion in denying defendant's request to testify, made for the first time after summations had been completed (*see,* CPL 260.30; *People v Washington*, 71 NY2d 916). The record sufficiently establishes that prior to summations defendant had accepted his counsel's recommendation against testifying (*see, People v Fratta*, 83 NY2d 771), and there was no sound reason to permit defendant to change his mind and thereby disturb the normal order of trial.

Given the force of defendant's blow delivered suddenly and directly to the assault victim's eye, there was no reasonable view of the evidence that defendant intend to cause non-serious physical injury. Accordingly, the court properly refused to charge assault in the third degree as a lesser included offense.

As the People correctly concede, the sentence on the conviction for attempted criminal possession of a weapon in the third degree was illegal, and we modify to impose a legal term of 2 to 4 years.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J. P., Ellerin, Lerner and Andrias, JJ.