■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. TERRY, Appellant. [765 NYS2d 702] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered November 29, 2001 in Albany County, upon a verdict convicting defendant of the crime of robbery in the third degree.

On February 8, 2001, at approximately 10:45 P.M., Velda Watts was driving home when she saw an acquaintance, Sandra Williams, and gave her a ride to a market in the City of Albany. At the market, Watts bought beer and also a $50 piece of crack cocaine from an unknown seller. Watts saw defendant at the store but did not converse with him. She and Williams went to Williams's home, which Watts knew to be a crack house. There, they drank beer and smoked the crack cocaine. Defendant was in and out of Williams's home, but Watts did not interact with him. At approximately 2:30 A.M., Watts decided to leave. Watts testified that after she descended the front steps of Williams's house, defendant "showed up from nowhere," grabbing her around her neck with both hands, demanding money, threatening, "[D]on't you know I can snap your f* * *ing neck." After a brief struggle, Watts gave defendant $140 and drove home. Three days later, Watts signed a criminal complaint against defendant who was thereafter arrested.

At the three-witness trial, Watts and the arresting officer testified for the People. Watts, among other things, recounted the facts related above. The arresting officer testified to defendant's flight prior to his arrest. Williams testified for the defense. While Williams confirmed certain aspects of Watts's story, she also testified that Watts was angry at defendant for selling her fake cocaine earlier that evening. Williams stated that after Watts left, she watched Watts safely cross the street to her car and did not see defendant in the vicinity.

The defense rested without calling defendant as a witness and the proof was closed. At the charge conference the next day, out of the jury's presence and prior to closing arguments and Supreme Court's charge, defendant addressed the court. He specifically requested to testify, indicating that his attorney would not discuss the issue with him. The court advised defendant to speak to his attorney and noted that the proof was closed. Thereafter, defendant's attorney delivered his clos-

ing argument. During the prosecutor's summation, however, defendant personally objected to being characterized as a "predator" and repeatedly requested to testify. Supreme Court at first directed defendant to be quiet and the jury to disregard the outbursts. Then, it instructed the jury to go to the jury room and permitted defendant to have his say. The trial resumed, but defendant repeatedly interrupted the prosecutor's summation and once again the jury was excused. Finally, defendant promised to remain silent and kept that promise for the remainder of the summation.

The jury convicted defendant of robbery in the third degree. Defendant's attorney moved, posttrial, to set aside the verdict based in part upon his failure to make a timely application to reopen the proof to permit defendant to testify. Supreme Court denied the motion, noting defense counsel's failure to move to reopen the proof and further noting that, based upon its earlier *Sandoval* ruling which admitted much of defendant's extensive criminal record, it considered the fact that defendant did not testify to be a trial tactic.

The primary issue before us is whether defendant was deprived of his due process right to testify. "One of the fundamental precepts of due process is that a defendant in a criminal proceeding has the right to testify, which right is guaranteed under both the Federal and New York State Constitutions" (*People v Mason,* 263 AD2d 73, 76 [2000] [citations omitted]; *see* US Const 14th Amend; NY Const, art I, § 6; *People v Burke,* 176 AD2d 1000, 1001 [1991]). While strategic and tactical decisions concerning the conduct of a trial are deemed to repose in the decision-making authority of counsel (*see People v Parker,* 290 AD2d 650, 651 [2002], *lv denied* 97 NY2d 759 [2002]), a defendant, nevertheless, retains the "ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify [on one's] own behalf, or take an appeal" (*People v Petrovich,* 87 NY2d 961, 963 [1996], quoting *Jones v Barnes,* 463 US 745, 751 [1983]; *see People v Colon,* 90 NY2d 824, 825-826 [1997]).

The People argue that Supreme Court's determination not to reopen the proof prior to the commencement of summations was a proper exercise of discretion to follow the order of trial set forth under CPL 260.30, particularly in light of defendant's waiver of his right to testify by choosing not to take the stand before the end of his proof. However, the order of a criminal trial, fixed by statute (*see* CPL 260.30), " 'is not a rigid one and the common-law power of the trial court to alter the order of

proof "in its discretion and in furtherance of justice" remains at least up to the time the case is submitted to the jury' " (*People v Whipple,* 97 NY2d 1, 6 [2001], quoting *People v Olsen,* 34 NY2d 349, 353 [1974], quoting *People v Benham,* 160 NY 402, 437 [1899]). Furthermore, there is no evidence before us that defendant *agreed* to waive his right to testify. Moreover, it is clear from the statements made to Supreme Court that defendant would have denied committing the robbery and believed that the revelation of his criminal record would have helped his case because it would show that he had sold fake cocaine on prior occasions and did not have a violent record. Under the circumstances herein, there is no way of knowing whether defendant's testimony would have resulted in a different verdict. That being the case, and given the magnitude and fundamental nature of defendant's right to be heard in the criminal proceedings pending against him, we order a new trial.

We need not address defendant's remaining contentions.

Mercure, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.