■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY JOHNSON, Appellant. [775 NYS2d 21]—

Judgment, Supreme Court, New York County (John Bradley, J.), rendered February 11, 1998, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent

terms of 25 years to life and 12 years to life, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Moreover, we find the evidence of defendant's guilt to be overwhelming. There is no basis for disturbing the jury's determinations concerning credibility. Although the victim did not testify, there was a lengthy chain of circumstantial proof connecting defendant with the assault, including, among many other things, a statement by defendant that was a virtual admission of guilt when viewed in context. The only rational inference that could be drawn from the evidence is that defendant was the attacker (*see People v Bierenbaum*, 301 AD2d 119, 131-140 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* — US —, 124 S Ct 134 [2003]). Furthermore, the medical evidence fully supported the element of serious physical injury (*see* Penal Law § 10.00 [10]; *People v McDuffie*, 293 AD2d 287 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Perron*, 172 AD2d 879 [1991], *lv denied* 77 NY2d 999 [1991]).

The court properly denied defendant's request to submit assault in the third degree as a lesser included offense of assault in the first degree, since there was no reasonable view of the evidence to support that charge (*see People v Franco*, 271 AD2d 383 [2000], *lv denied* 95 NY2d 865 [2000]).

The court properly denied defendant's request for a missing witness charge with respect to the victim because the People established that, despite reasonably diligent efforts, they were unable to find him (*see People v Skaar*, 225 AD2d 824, 824-825 [1996], *lv denied* 88 NY2d 854 [1996]). The People demonstrated a "genuine inability to locate [the] witness" (*People v Savinon*, 100 NY2d 192, 198 [2003]), and that additional efforts to search for him would be unreasonably burdensome or exercises in futility.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.