**Manuel FRANCO, Petitioner,**

v.

**Joseph COSTELLO, Superintendent, et al., Respondent.**

**No. 01 Civ. 6991(LAK).**

United States District Court, S.D. New York.

June 21, 2004.

**476**

Frances A. Gallagher, The Legal Aid Society, Criminal Appeals Bureau, New York City, for Petitioner.

Dian Kerr McCullough, Jo W. Faber, Assistant Attorneys General, Eliot Spitzer, Attorney General of the State of New York, New York City, for Respondents.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Petitioner was convicted in New York Supreme Court of assault in the second degree, attempted criminal possession of a weapon in the third degree, and attempted grand larceny in the fourth degree. He was sentenced to consecutive terms of imprisonment of seven years and four years for the assault and attempted weapon possession counts, respectively, concurrent with a term of one year for the larceny count. The Appellate Division modified the judgment by reducing his sentence on the attempted weapon possession conviction to a term of two to four years and otherwise affirmed. Leave to appeal was denied by the Court of Appeals.[1]

Petitioner timely brought this habeas petition in which he argues that he was: (1) deprived of his right to be present at trial and his right to counsel when, without prior warning, he was removed from the courtroom during supplemental jury instructions, and (2) deprived of his right to testify on his own behalf after summations. By report and recommendation dated February 27, 2004 (the "R & R"), Magistrate Judge Ronald L. Ellis recommended that the petition be denied. Petitioner has objected to the R & R.

### I. Right to be Present at Trial

Regarding petitioner's claim that his removal from the courtroom without prior warning violated his constitutional right to be present at his trial, Judge Ellis found that (a) petitioner had forfeited his right to be present through his own misconduct, (b) forfeiture, as opposed to waiver, requires no warning, and (c) petitioner's conduct was such a distraction to the jury that removing him did not violate or unreasonably apply clearly established federal law. While the Court reaches the same ultimate conclusion, it does so by a different path.

As detailed by the R & R, the standard of review is clear. The question is not whether the trial judge's decision to remove petitioner from the courtroom was correct, but whether, in the circumstances, it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2] A state court decision is contrary to Supreme Court precedent only if it either "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]."[3] It comes within the unreasonable application clause only "if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's

---

1. *People v. Franco*, 271 A.D.2d 383, 708 N.Y.S.2d 62 (1st Dept.), *leave to appeal denied*, 95 N.Y.2d 865, 715 N.Y.S.2d 220, 738 N.E.2d 368 (2000).

2. 28 U.S.C. § 2254(d)(1) & (2).

3. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

case." [4] To be unreasonable, "some increment of incorrectness beyond error is required[, although] ... the increment need not be great." [5]

 As the Supreme Court has yet to decide whether a warning is required prior to removing a criminal defendant during trial, the trial judge's decision in this case was not contrary to clearly established federal law. Thus, the question becomes whether it was an unreasonable application of *Illinois v. Allen,*[6] and its Supreme Court progeny. The Court concludes that it was not.

In *Allen*, the defendant was warned prior to being removed for misconduct. The Court held that a defendant who, after being warned that he will be removed for his disruptive behavior, continues to act "in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom," may lose his constitutional right to be present at trial.[7] Under *Allen*, a trial judge has discretion when confronted with "disruptive, contumacious, stubbornly defiant defendants ... to meet the circumstances of each case." [8] But *Allen* did not adopt a *per se* rule, proscribing the removal of a defendant without warning, regardless of the circumstances. In fact, the Second Circuit does not interpret *Allen* or its progeny as requiring a warning in all situations. Indeed, it stated in one removal case that "[w]e have held that 'even

absent a warning, a defendant may be found to have forfeited certain trial-related constitutional rights based on certain types of misconduct.' " [9]

In this case, the petitioner made repeated outbursts during the trial, including singing, moaning and unsolicited commentary during testimony and summation and just prior to his removal during the supplemental jury instructions. Contrary to petitioner's objections, the outbursts had far exceeded the level of mere distraction. The trial judge concluded that "it is clear I cannot instruct the jury with the defendant present in the courtroom." [10] In addition, the trial court repeatedly warned him that he would be gagged if the behavior continued. Whether that warning was sufficient to put petitioner on notice of the risk of removal is immaterial here. In the circumstances of this case, this Court does not regard the state court's determination to have been an unreasonable application of clearly established federal law.

## II. Right to Counsel

Petitioner's claim that he was deprived of his right to counsel when he was removed during the supplemental jury instructions was not addressed in the R & R. This claim is governed by AEDPA's deferential standard of review, as the Appellate Division addressed it on the merits.[11]

 There is no Supreme Court case addressing whether and to what extent a trial court must set up access to counsel

---

4. *Id.* at 413, 120 S.Ct. 1495.

5. *Gilchrist v. O'Keefe,* 260 F.3d 87, 93 (2d Cir.2001) (quoting *Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000)).

6. 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

7. *Id.* at 343, 90 S.Ct. 1057.

8. *Id.*

9. *Norde v. Keane,* 294 F.3d 401, 413 (2d Cir. 2002) (quoting *Gilchrist,* 260 F.3d at 97).

10. Trial Transcript ("Tr.") 644.

11. The Appellate Division held that "[d]efendant's opportunity to communicate with counsel was sufficient given the circumstances of this brief and limited exclusion." *Franco,* 271 A.D.2d at 383, 708 N.Y.S.2d at 63.

during a defendant's removal from the courtroom. Thus, the Appellate Division's determination was not contrary to clearly established federal law.

■ Nor does the state court's determination fall under the unreasonable application prong in the circumstances of this case. Certainly, a criminal defendant's right to counsel at a critical stage in the proceedings is a fundamental one, the denial of which is a constitutional violation regardless of whether the defendant shows prejudice.[12] But even this right is subject to limitation. For example, the Supreme Court upheld a complete ban on communication between a testifying-defendant and his attorney during a fifteen minute recess where arrangements were made for counsel to consult with his client after he finished testifying.[13]

■ It perhaps would have been preferable for the trial judge to have made arrangements for petitioner to have followed the proceedings and communicated with counsel while he was absent. But this is not a case in which the trial court explicitly precluded or limited petitioner's right to counsel while he was removed from the courtroom. Neither petitioner nor his counsel ever requested access. Moreover, as the Appellate Division found, the entire episode was of brief duration, comprising only 20 pages of transcript during which the judge was re-reading instructions to the jury that petitioner already had heard. Hence, this Court is unwilling to find that the state court's determination was an unreasonable application of clearly established federal law in the circumstances here.

### III. Right to Testify

Petitioner's final claim for relief is that he was denied his right to testify at trial when the trial court refused his request to do so after summations. The Appellate Division affirmed on this point, noting that "[t]he [trial] court properly exercised its discretion in denying defendant's request to testify.... The record sufficiently establishes that prior to summations defendant had accepted his counsel's recommendation against testifying, and there was no sound reason to permit defendant to change his mind and thereby disturb the normal order of trial."[14] Again, the only question is whether the Appellate Division's decision was an objectively unreasonable application of Supreme Court precedent, as there is no Supreme Court case establishing that a criminal defendant enjoys a right to testify after the close of all evidence and after summations.

■ While the Supreme Court has recognized a constitutional right to testify on one's behalf at a criminal trial, that right is not without limitation.[15] It may "bow to accommodate other legitimate interests in the criminal trial process" so long as any restrictions are not "arbitrary or disproportionate to the purposes they are designed to serve."[16]

**12.** See United States v. Cronic, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

**13.** Perry v. Leeke, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). But see Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (trial court's order that a defendant not confer with his attorney during an overnight break in the middle of his testimony violated defendant's Sixth Amendment right to counsel).

**14.** Franco, 271 A.D.2d at 383, 708 N.Y.S.2d at 63 (internal citations omitted).

**15.** Rock v. Arkansas, 483 U.S. 44, 51–56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).

**16.** Id. at 55–56, 107 S.Ct. 2704 (internal quotations omitted).

Here, petitioner did not ask to testify until after summations, in effect asking the trial court to reopen the case.[17] The trial court denied this request, relying on N.Y.Crim. Proc. L. § 260.30 for the proposition that petitioner's time to testify had passed and that the case must be given to the jury.

Perhaps a mechanistic application of such a state statute in sufficiently egregious circumstances might qualify as an unreasonable application of *Rock*. But this is not such a case. The Appellate Division found that defendant had accepted his counsel's recommendation not to testify but later changed his mind. This was a factual determination that this Court must take to be true absent clear and convincing evidence to the contrary by petitioner.[18] It affirmed the trial court's decision not to let petitioner testify after summations where the record shows that petitioner knew of his right beforehand, decided not to testify, but later changed his mind. This was not an unreasonable application of Supreme Court precedent.

*Conclusion*

As petitioner has failed to demonstrate any error that would permit a federal habeas court to grant relief consistent with 28 U.S.C. § 2254(d)(1) and (2), the petition is denied. The Court grants a certificate of appealability on the questions whether petitioner was (1) denied his right to be present at his own trial when he was removed from the courtroom for misconduct without an explicit warning, and (2) deprived of his right to counsel when the trial judge had him removed from the courtroom without making any arrangements for communication. A certificate of appealability is denied as to petitioner's remaining claim, and the Court certifies that any appeal herefrom on that point would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

---

17. Tr. 558–573.

18. 28 U.S.C. § 2254(e)(1).