THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN JOHNSON, Appellant. [851 NYS2d 536]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 14, 2005, convicting defendant, after a jury trial, of murder in the second degree, criminal facilitation in the second degree and criminal possession of a

weapon in the second and third degrees, and sentencing him an aggregate term of 30 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application, made after both parties' summations, to reopen the trial to allow testimony of an inmate concerning the chief prosecution witness's alleged admission that he had testified falsely. According to defendant, the alleged admission occurred in the midst of trial, while defendant, the prosecution witness and the proposed defense witness were riding on a Department of Correction bus. Nevertheless, defendant did not tell his attorney about this incident until after summations, and provided no excuse for the delay. Thus, there was no compelling reason for the court to deviate from the normal order of proof (*see* CPL 260.30; *People v Olsen*, 34 NY2d 349, 353 [1974]; *People v Mason*, 263 AD2d 73, 77 [2000]).

To the extent that defendant is raising a constitutional claim, such claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]) and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Since defendant had the opportunity to introduce this evidence at the proper time and in the proper manner, there was no impairment of his right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.