■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. HARDEN, Appellant. [953 NYS2d 689]—

Spain, J.

Defendant was in a vehicle driven by his girlfriend, Veneilya Goodwin, in the City of Albany on September 19, 2009 when the vehicle approached an intersection and came in close proximity to a couple crossing the street. Hostile words were

exchanged and the couple then continued walking toward a group of their friends who were walking ahead of them when defendant and then Goodwin exited the vehicle. An altercation ensued and quickly escalated, during which the couple's friends came to their assistance and, ultimately, defendant stabbed three men, Jonathan Puerta, Christopher Puerta and Richard Thomas, all of whom required surgery. Defendant was indicted and convicted, after a jury trial, of three counts of assault in the first degree.

In their testimony at trial, the victims and numerous witnesses offered, among other things, varying accounts of the altercation, essentially establishing defendant as the initial aggressor who pulled the knife from his waist and stabbed each of the victims. After the People rested, the defense called Goodwin and two eyewitnesses to testify in support of defendant's justification defense. The defense rested and, after the jury was excused, the People indicated that they had no rebuttal evidence; a further charging conference was conducted. During that conference, defendant unequivocally asserted, "I want to testify on my behalf." Defense counsel stated that he had strongly advised against it but indicated, in response to County Court's inquiry, that if defendant wanted to testify, the court should reopen the proof. Further questioning of defendant by the court established that counsel had advised defendant that it was not in his interests to testify and elicited defendant's affirmative response that he had originally "followed that instruction [not to testify]" and had "agreed with it." The court then denied the request. Upon his conviction, County Court imposed consecutive sentences as a second felony offender with an aggregate maximum of 65 years in prison, with five years of post-release supervision on each count.

On appeal, while defendant raises numerous arguments, we address and find merit in his dispositive claim that he was wrongfully denied his due process right to testify on his own behalf, which requires that his convictions be reversed and a new trial ordered. "One of the fundamental precepts of due process is that a defendant in a criminal proceeding has the right to testify, which right is guaranteed under both the Federal and New York State Constitutions" (*People v Mason*, 263 AD2d 73, 76 [2000] [citations omitted]; *see People v Terry*, 309 AD2d 973, 974 [2003]). Unlike strategic or tactical decisions concerning trial, which are within the authority of counsel, a defendant retains the authority to make certain fundamental decisions, including whether to testify on his or her own behalf, as County Court acknowledged (*see Jones v Barnes*, 463 US 745, 751

[1983]; *People v Colon*, 90 NY2d 824, 825-826 [1997]; *People v Petrovich*, 87 NY2d 961, 963 [1996]; *People v White*, 73 NY2d 468, 478 [1989], *cert denied* 493 US 859 [1989]).

Here, defendant's request to testify came right after the close of proof, during the charging conference, but before summations. While the order of a criminal trial is fixed by statute (*see* CPL 260.30), it is well established that this "statutory framework . . . is not a rigid one and the common-law power of the trial court to alter the order of proof in its discretion and in furtherance of justice remains at least up to the time the case is submitted to the jury" (*People v Olsen*, 34 NY2d 349, 353 [1974] [internal quotation marks and citation omitted]; *see People v Whipple*, 97 NY2d 1, 6 [2001]; *People v Terry*, 309 AD2d at 974-975).

A trial court generally has "abundant discretion" in deciding a request to reopen the proof (*People v Whipple*, 97 NY2d at 8). However, given "[t]he magnitude and fundamental nature of [defendants'] right to be heard in criminal proceedings pending against [them]" (*People v Burke*, 176 AD2d 1000, 1001 [1991]; *see People v Terry*, 309 AD2d at 975), we are constrained to conclude that it was reversible error to deny defendant's pre-summation[1] request to reopen the proof and permit him to testify in his defense[2] (*see People v Terry*, 309 AD2d at 974-975; *People v Harami*, 93 AD2d 867, 867-868 [1983]; *see also People v Washington*, 71 NY2d 916, 918 [1988]; *People v Burke*, 176 AD2d at 1000-1001 [error to deny the defendant's postsummation request to testify]; *People v Hendricks*, 114 AD2d 510, 513 [1985] [error to deny the defendant's request to testify made after defense summation but prior to the People's summation]). While the prosecutor summarily objected to reopening proof, he made no claim of prejudice and the court did not articulate a basis for the denial of defendant's request. Defendant's testimony was certainly relevant to key disputed issues at trial. Contrary to the People's position on appeal, neither the admission at trial of defendant's exculpatory statements to police, nor the defense witnesses' favorable accounts of the incident, nor the potential adverse impact of testifying at trial on defendant's credibility supported the denial of defendant's right to testify.

---

**1.** By contrast, the denial of requests made by defendants to testify after the completion of summations have been upheld (*see People v Johnson*, 48 AD3d 348, 349 [2008], *lv denied* 10 NY3d 865 [2008]; *People v Franco*, 271 AD2d 383, 383 [2000], *lv denied* 95 NY2d 865 [2000]; *People v Braxton*, 254 AD2d 365, 366 [1998], *lv denied* 93 NY2d 850 [1999]).

**2.** Similar presummation requests by the People to reopen proof have also been upheld (*see People v Whipple*, 97 NY2d at 6-8; *People v Demetsenare*, 243 AD2d 777, 779 [1997], *lv denied* 91 NY2d 833 [1997]).

Indeed, "[r]egardless of how unwise that decision may [or may not] have been, it was his to make" (*People v Henriquez*, 3 NY3d 210, 217 [2004]).

Moreover, after defendant invoked his right to testify, he never waived this fundamental right (*see People v Gajadhar*, 9 NY3d 438, 448 [2007]; *People v Henriquez*, 3 NY3d at 216-217; *see also People v Lopez*, 6 NY3d 248, 256-257 [2006]). County Court's brief inquiry of defendant focused only on whether he had, *during the trial*, followed and agreed with his counsel's advice against testifying, rather than on defendant's then-current change of heart and unequivocal request to testify. The record does not support the conclusion that defendant at that time disavowed that request (*see People v Terry*, 309 AD2d at 975). "In view of the constitutional magnitude of the error and the fact that it cannot be said that the error was harmless beyond a reasonable doubt, a new trial is required" (*People v Harami*, 93 AD2d at 868 [citations omitted]; *see People v Terry*, 309 AD2d at 975).

In light of this conclusion, we decline to address defendant's remaining contentions. We note, however, that defendant's claim regarding trial counsel's alleged failure to advise him of his right to testify before the grand jury is unpreserved as it was not raised prior to trial; it also concerns matters outside of the record on appeal and could not be (and was not) raised in his CPL 330.30 (1) motion to set aside the verdict, and is thus not properly before this Court.

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.