People v Gilley (2018 NY Slip Op 05226)





People v Gilley


2018 NY Slip Op 05226


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

107884

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KHALIM GILLEY, Appellant.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Craig Meyerson, Peru, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 9, 2015, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree.
Late one night while the victim was walking home on a city street, two men emerged from a double-parked car and robbed him at gunpoint. The victim alerted police who, minutes later, apprehended four suspects in a car that matched the description given by the victim. Defendant, who was one of those suspects, was charged by indictment with robbery in the first degree and robbery in the second degree. After a jury convicted him of both counts, County Court sentenced him to an aggregate prison term of 17 years, with five years of postrelease supervision. Defendant appeals.
The verdict was not against the weight of the evidence. Defendant does not contest the evidence supporting his conviction of robbery in the second degree. As relevant here, "[a] person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime . . ., [that person] or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that . . . it is an affirmative defense that such . . . firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]). The defendant bears the burden of proving any [*2]affirmative defense by a preponderance of the evidence (see Penal Law § 25.00 [2]; People v Sposito, 140 AD3d 1308, 1309 [2016], affd 30 NY3d 1110 [2018]; People v Singh, 78 AD3d 1080, 1081 [2010]).
The victim testified that defendant and a codefendant approached him, defendant told him to be quiet while the codefendant held a gun, and the two men rifled through his pockets and took his belongings. This evidence, which was supported by testimony of another individual who remained in the car during the encounter, established the elements of robbery in the first degree. The police also recovered a sawed-off shotgun, which was proven operable by test firing and was admitted into evidence. Defendant asserts that the weight of the evidence does not support his conviction of robbery in the first degree based on a lack of proof that the gun was loaded, but the People were not required to submit such proof. Although the gun was not loaded when it was recovered by police, defendant did not meet his burden of establishing his affirmative defense because the record contains evidence from which the jury could have believed that the gun was loaded at the time of the incident (see People v Thompson, 147 AD3d 1298, 1300 [2017], lvs denied 29 NY3d 1030, 1037 [2017]; People v Brown, 81 AD3d 499, 500 [2011], lv denied 17 NY3d 792 [2011]; People v Carter, 74 AD3d 1375, 1377 [2010], lvs denied 15 NY3d 772 [2010]; People v Williams, 15 AD3d 244, 245 [2005], lv denied 5 NY3d 771 [2005]).
County Court did not err in denying defendant's motion to preclude the People from introducing evidence that the victim previously identified defendant. "A showup identification is permissible so long as it was reasonable under the circumstances — that is, when conducted in close geographic and temporal proximity to the crime — and the procedure used was not unduly suggestive" (People v Brewer, 155 AD3d 1447, 1447-1448 [2017] [internal quotation marks and citation omitted]; see People v Ortiz, 90 NY2d 533, 537 [1997]; People v Mathis, 60 AD3d 1144, 1145-1146 [2009], lv denied 12 NY3d 927 [2009]). Although the People bear the initial burden of demonstrating that the showup procedure was reasonable under the circumstances, "the defendant bears the ultimate burden of proving that [it] is unduly suggestive and subject to suppression" (People v Ortiz, 90 NY2d at 537).
The evidence at the Wade hearing established that, less than 20 minutes after the robbery, a police officer transported the victim to a location less than two miles from the scene of the incident, where other police officers had stopped a vehicle matching the description given by the victim. The officer testified that the four suspects were presented one at a time by being brought into a spotlight across the street from the victim. For each individual, the officer asked whether the victim recognized him. Defendant did not recognize the first two people, but identified the codefendant as the person who had the gun and defendant as the other person involved in the robbery. Given the hearing testimony, the People satisfied their burden of demonstrating that the showup procedure was conducted in close geographic and temporal proximity to the crime (see People v Arce, 150 AD3d 1403, 1405 [2017], lv denied 29 NY3d 1090 [2017]; People v Vaughn, 135 AD3d 1158, 1159 [2016], lv denied 27 NY3d 1076 [2016]; see also People v Howard, 22 NY3d 388, 402-403 [2013]). Moreover, that the suspects were presented to the victim in handcuffs and in the presence of police did not render the showup procedure unduly suggestive (see People v Brewer, 155 AD3d at 1448; People v Coleman, 144 AD3d 1197, 1198-1199 [2016]; People v Franqueira, 143 AD3d 1164, 1166 [2016]; People v August, 33 AD3d 1046, 1048-1049 [2006], lv denied 8 NY3d 878 [2007]; People v Woodridge, 30 AD3d 898, 899 [2006], lv denied 7 NY3d 852 [2006]).
Alternatively, defendant argues that County Court should have reopened the Wade hearing during trial in light of the victim's trial testimony that, en route to the scene of the traffic stop, officers told the victim that they had captured his attackers and he saw the suspects all together before they were presented individually. "A trial court may reopen a pretrial hearing if it 'is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he [or she] could not have discovered with reasonable diligence before the determination' of his [or her] pretrial application" (People v Fuentes, 53 NY2d 892, 894 [1981], quoting CPL 710.40 [4]; accord People v Newell, 148 AD3d 1216, 1219-1220 [2017], lv denied 29 NY3d 1035 [2017]).
County Court did not abuse its discretion by refusing to reopen the Wade hearing (see People v Clark, 88 NY2d 552, 555-556 [1996]). It is unclear whether defendant could, with reasonable diligence, have discovered the victim's account of the showup procedure prior to the initial Wade hearing (see CPL 710.40 [4]; People v Gibson, 117 AD3d 1317, 1322 [2014], affd 24 NY3d 1125 [2015]; People v Cepeda, 48 AD3d 294, 295 [2008], lv denied 10 NY3d 957 [2008]). In any event, the inconsistencies between the officer's testimony at the hearing and the victim's testimony at trial would not have changed the outcome of that hearing (see People v Clark, 88 NY2d at 555-556; People v Bellamy, 118 AD3d 1113, 1117 [2014], lv denied 25 NY3d 1159 [2015]). Indeed, the conversation that the victim purported to have with officers "merely conveyed what a witness of ordinary intelligence would have expected under the circumstances" (People v Franqueira, 143 AD3d at 1166-1167 [internal quotation marks and citation omitted]; see People v Mathis, 60 AD3d at 1146; People v Gatling, 38 AD3d 239, 240 [2007], lv denied 9 NY3d 865 [2007]). Moreover, that the victim may have seen the suspects together from afar before he was asked to identify them would not, on its own, render the showup procedure unduly suggestive (compare Matter of Eljihn C., 134 AD3d 819, 820 [2015], lv denied 26 NY3d 919 [2016]; People v Bumbray, 259 AD2d 364, 364 [1999], lv denied 93 NY2d 922 [1999]), particularly considering that the victim could not identify the first two suspects presented to him.
The People did not bolster the victim's identification of defendant through questions posed to the officer who conducted the showup procedure. In response to the victim's testimony that called that procedure into question, the People asked the officer about the procedure utilized, but did not elicit testimony on direct examination about the victim's identification of defendant. This was not improper bolstering (compare People v Trowbridge, 305 NY 471, 474-478 [1953]; People v Jones, 75 AD2d 607, 607 [1980]; see generally People v Smith, 22 NY3d 462, 466 [2013]).
County Court appropriately exercised its discretion when it denied defendant's post-summation request to testify. "CPL 260.30 sets forth the order in which a jury trial is to proceed, but the common-law power of the trial court to alter the order of proof in its discretion and in furtherance of justice remains at least up to the time the case is submitted to the jury" (People v Washington, 71 NY2d 916, 918 [1988] [internal quotation marks and citation omitted]; see People v Olsen, 34 NY2d 349, 353 [1974]). Although a criminal defendant has a constitutional right to testify on his or her own behalf (see People v Morgan, 149 AD3d 1148, 1152 [2017]; People v Harden, 99 AD3d 1031, 1032 [2012], lv denied 20 NY3d 986 [2012]; People v Terry, 309 AD2d 973, 974 [2003]), the court conducted a colloquy with defendant at the end of the People's case to ensure that defendant was fully aware of his right to testify and that he had freely decided not to exercise that right. Under the circumstances, where the court concluded that defendant knowingly waived his right to testify, the court did not abuse its discretion in denying [*3]his request, which was made after the proof was closed and summations had been delivered (see People v Franco, 271 AD2d 383, 383 [2000], lv denied 95 NY2d 865 [2000]; People v Braxton, 254 AD2d 365, 366 [1998], lv denied 93 NY2d 850 [1999]; compare People v Harden, 99 AD3d at 1032).
We have reviewed defendant's remaining contentions and find them to be without merit.
Garry, P.J., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.