People v Crider (2019 NY Slip Op 07811)





People v Crider


2019 NY Slip Op 07811


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

109324

[*1]The People of the State of New York, Respondent,
v
Joshua Crider, Appellant.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Craig Meyerson, Peru, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered March 7, 2017, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.
Defendant was charged with promoting prison contraband in the first degree after a correction officer recovered a sharpened toothbrush from defendant's sock during a random pat frisk. Following a trial, the jury convicted defendant of the sole count. County Court denied his CPL 330.30 motion to set aside the verdict and sentenced him, as a second felony offender, to a prison term of 2&frac13; to 4&frac23; years, to run consecutively to the sentence he was then serving. Defendant appeals.
The verdict is not against the weight of the evidence. Initially, defendant's legal sufficiency argument is unpreserved because he failed to renew his motion to dismiss at the close of his proof (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Rice, 172 AD3d 1616, 1619 [2019]). Nevertheless, when reviewing defendant's challenge to the weight of the evidence, we must consider whether the People proved all the elements of the charged crime beyond a reasonable doubt (see People v Hackett, 167 AD3d 1090, 1091 [2018]). As relevant here, "[a] person is guilty of promoting prison contraband in the first degree when[,] . . . [b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully . . . possesses any dangerous contraband" (Penal Law § 205.25 [2]). Defendant testified that he was confined in a state correctional facility, and he stipulated that the sharpened toothbrush constituted dangerous contraband. Although defendant testified that he did not possess that contraband, the jury obviously disbelieved that testimony and credited the testimony of the correction officer who explained how he recovered the item from defendant. According deference to the jury's credibility determinations, the verdict is not against the weight of the evidence (see People v Davis, 105 AD3d 1095, 1096-1097 [2013], lv denied 21 NY3d 1003 [2013]; People v Camerena, 42 AD3d 814, 815 [2007], lv denied 9 NY3d 921 [2007]).
County Court did not err in denying defendant's motion to discharge a sworn juror. After a juror is sworn, that juror should not be removed unless, as relevant here, he or she "is grossly unqualified to serve in the case" (CPL 270.35 [1]). To decide whether a juror is grossly unqualified, the trial court must conduct a "probing and tactful inquiry" (People v Buford, 69 NY2d 290, 299 [1987]; see People v Kuzdzal, 31 NY3d 478, 486 [2018]) and exercise its discretion to determine whether the context of the entire colloquy reveals "an obviously partial state of mind" and "convincingly demonstrate[s] that the sworn juror cannot render an impartial verdict" (People v Spencer, 29 NY3d 302, 309, 310 [2017]; see People v Rogers, 157 AD3d 1001, 1009 [2018], lv denied 30 NY3d 1119 [2018]). "[T]he trial court is accorded great deference in deciding whether a juror is grossly unqualified, because it is in the best position to assess partiality in an allegedly biased juror" (People v Guy, 93 AD3d 877, 878 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 961 [2012]).
The juror at issue approached County Court, after the jury had been sworn but before the trial itself had begun, to express his anxiety regarding his acquaintance with a potential witness that the juror knew from playing basketball in the community. When the court reassured the juror, based on a representation from the People, that this potential witness would not be called, the juror stated that he could be fair and impartial. The court noted that the juror's anxiety appeared to subside considerably at that point. Although the juror also noted that he recognized another witness when walking into the courthouse, the juror stated that he did not personally know the witness or anything about him, but only knew of him because they were both from the same small community. Upon questioning from the court, the juror responded that this would not cause him any difficulty in determining whether that witness was telling the truth, the juror could be fair and impartial, and he would make his decision based solely on the evidence presented. Based on the entire colloquy and the juror's unequivocal affirmance of his ability to render a fair and impartial verdict, the court did not abuse its discretion by refusing to discharge him (see People v Rogers, 157 AD3d at 1009-1010).
County Court did not abuse its discretion in denying defendant's application to reopen his case after he had rested. "CPL 260.30 sets forth the order in which a jury trial is to proceed, but the common-law power of the trial court to alter the order of proof in its discretion and in furtherance of justice remains at least up to the time the case is submitted to the jury" (People v Washington, 71 NY2d 916, 918 [1988] [internal quotation marks and citation omitted]; accord People v Gilley, 163 AD3d 1156, 1159 [2018], lv denied 33 NY3d 948 [2019]). "Although a criminal defendant has a constitutional right to testify on his or her own behalf," that right is not without limits, and courts have discretion to control the timing of submission of proof (People v Gilley, 163 AD3d at 1159-1160; see People v Whipple, 97 NY2d 1, 8 [2001] [noting that courts "have abundant discretion to deny" leave to reopen, even to defendants]). Defendant testified on his own behalf but, after he rested and the court held a charge conference and lunch break, counsel sought to recall defendant to establish his dominant hand, on the theory that a left-handed individual would not place a weapon on the outside of his right leg (compare People v Harden, 99 AD3d 1031, 1033 [2012] [finding error where court denied the defendant's request to reopen to testify in his own defense], lv denied 20 NY3d 986 [2012]; People v Burke, 176 AD2d 1000, 1000-1001 [1991] [same]). In addition to noting the time that had elapsed, the court concluded that the evidence was not "dispositive . . . or crucial information." Indeed, the information did not go to any element of the crime. As defendant was charged only with possessing the weapon, not with using or having the intent to use it, his hand dominance and its relationship to the location of the weapon had little significance. Thus, the court did not abuse its abundant discretion in denying the request to reopen (see People v Gilley, 163 AD3d at 1159-1160).
Finally, "in order to prevail on a claim of ineffective assistance of counsel based on a single error or omission, a defendant must demonstrate that the error was so egregious and prejudicial as to deprive defendant of a fair trial" (People v Cummings, 16 NY3d 784, 785 [2011] [internal quotation marks and citations omitted], cert denied 565 US 862 [2011]). Considering the record and counsel's representation as a whole, counsel's failure to ask defendant a question on direct examination to establish his hand dominance did not meet that standard.
Garry, P.J., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.