OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed. Although the Appellate Division’s order of reversal recited that it was “on the law,” it is evident from its memorandum that its order was made in the exercise of discretion and, therefore, does not satisfy the jurisdictional predicate of CPL 450.90 (2) (a)
 
 (People v Johnson,
 
 47 NY2d 124;
 
 People v Williams,
 
 31 NY2d 151). Not only did it grant the People leave to resubmit to another Grand Jury, which CPL 210.20 (1) (i) and CPL 210.20 (4) authorize it to do “in its discretion” after dismissal pursuant to CPL 210.40, but also it characterized the Trial Judge’s denial of the 210.40 motion as an “improvident exercise of discretion” not as “an abuse of discretion as a matter of law.” In so doing it substituted its discretion for the improvident discretionary denial of the Trial Judge, as it had the right to do, its authority being as broad as that of the trial court
 
 (Matter of Von Bulow,
 
 63 NY2d 221, 225, n;
 
 People v Beige,
 
 41 NY2d 60).
 

 Appeal dismissed in a memorandum.