OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to that court for the exercise of its discretion.
At the conclusion of the trial on charges of burglary in the second degree — after the closing of arguments but before the court’s charge to the jury — defendant for the first time expressed a desire to testify, "to offer the jurors some other hypothesis of the evidence that’s been presented”. Out of the presence of the jury, defense counsel explained that he and the defendant had discussed the possibility of defendant testifying and had concluded that based upon the likelihood of prejudice from cross-examination on prior burglary convictions, taking the stand would not be in the defendant’s best interest. Defendant claimed he was unaware of having waived his right to testify, and, in response to the court’s inquiry as to whether he had any additional witnesses, defendant indi *918 cated neither that such witnesses were available, nor what evidence they might offer.
CPL 260.30 sets forth the order in which a jury trial is to proceed, but "the common-law power of the trial court to alter the order of proof 'in its discretion and in furtherance of justice’ remains at least up to the time the case is submitted to the jury” (People v Olsen, 34 NY2d 349, 353). Here, the trial court, in the exercise of this discretion and accepting defense counsel’s representation that it was his understanding defendant had concluded after their discussions that he would not take the stand, declined to reopen the case and permit defendant to address the jury. In the circumstances of this case, it cannot be said that this was an abuse of discretion as a matter of law.
Although the Appellate Division’s order of reversal recited that it was made "as a matter of discretion in the interest of justice”, it is evident from its memorandum that its order was "on the law” (CPL 450.90 [2] [a]; People v Morris, 68 NY2d 799; People v Baker, 64 NY2d 1027). Not only did it characterize the Trial Judge’s denial of defendant’s request as an "abuse of discretion” rather than an "improvident exercise of discretion”, but it also held that the purported error was not harmless beyond a reasonable doubt and required reversal and a new trial. Inasmuch as the Appellate Division mistakenly found the trial court committed legal error, we must reverse. Although the trial court cannot be said to have "abused” its discretion, we must nevertheless remit this case to the Appellate Division, for the exercise of its own discretion, "its authority being as broad as that of the trial court” (People v Baker, 64 NY2d 1027, 1028, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.