■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN CANONICO, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered November 16, 1989, convicting defendant, after a jury trial, of two counts of robbery in the first degree, three counts of robbery in the second degree, and criminal possession of a weapon in

the fourth degree, and sentencing him to two terms of 8-⅓ to 25 years, three of 5 to 15 years, and one of 6 months, respectively, all to run concurrently, unanimously affirmed.

Charged with robbing five Bronx commercial establishments over a period of six weeks, overwhelming evidence of defendant's guilt was provided by descriptions of his appearance, clothing, *modus operandi,* and gun, which matched the gun in his possession when he was arrested, as well as line-up identifications by witnesses to each robbery. We find no abuse of discretion in the trial court's denial of defendant's application after the defense had rested and six days after he testified, to retake the stand in order to offer evidence of an alleged inheritance and settlement of a lawsuit that purportedly negated a motive to steal *(People v Washington,* 71 NY2d 916). Inasmuch as defendant did not move for post-judgment relief, pursuant to CPL 440.10, a reviewable record of his claim of ineffectiveness of trial representation is not presented *(People v Brown,* 45 NY2d 852). On the state of the existing record, it appears that counsel made a viable argument of misidentification based on the trial evidence, and it cannot be said that defendant was deprived of meaningful representation *(People v Baldi,* 54 NY2d 137, 147). Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.