■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE LEWIS, Appellant. [728 NYS2d 431] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered June 6, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification.

After a thorough hearing, the court properly denied defen-

dant's motion to set aside the verdict on the ground of newly discovered evidence (*see*, CPL 330.30 [3]; *People v Rodriguez*, 193 AD2d 363, *lv denied* 81 NY2d 1079). The witness in question could have been located by defendant prior to trial through due diligence, in that the witness was in frequent contact with defendant's family. Furthermore, there was no showing that his testimony would have probably affected the outcome of the trial, since the witness would have been impeached with a serious temporal discrepancy indicating that he could not have been present during the commission of the crime and since other witnesses to the incident testified he was, in fact, not present.

A police report which defendant sought to have admitted was properly excluded since the identity of the declarant who provided the description of the suspect was unknown to the maker of the report. Without knowing the identity of the declarant, it was impossible to determine whether that person was under a business duty to communicate the information; therefore, the document did not fall within the business records exception to the hearsay rule (*see*, *People v Morrow*, 204 AD2d 356).

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.