THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTANA, Appellant. [835 NYS2d 144]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered July 26, 2004, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of seven and two years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence. There is no basis for disturbing the jury's credibility determinations (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant was properly convicted of first-degree assault on the theory he caused serious physical injury in the course of and in furtherance of a felony (Penal Law § 120.10 [4]). The officer-victim sustained a disabling injury without recovering by the time of trial, necessitating, inter alia, her retirement from the Police Department. This evidence clearly established serious physical injury under Penal Law § 10.00 (10). Defendant did not preserve his remaining sufficiency argument, and we decline to review it

in the interest of justice. Were we to review this claim, we would find that the evidence, including defendant's entire course of conduct, supports the conclusion that defendant caused the officer's injury while in the course of his efforts to seize her pistol.

Although, at trial, defendant suggested several possible responses to a jury note, those suggestions do not correspond to the arguments he makes on appeal. Accordingly, he has not preserved his present challenge to the court's response and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's supplemental instruction, which provided a simplified version of the court's prior instructions on the elements of assault, was a meaningful response (*see People v Santi*, 3 NY3d 234, 248-249 [2004]; *People v Malloy*, 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]).

After defendant confronted the injured officer with a purported prior inconsistent statement contained in an Emergency Medical Service report and the officer denied making any such statement, the court properly exercised its discretion in declining to receive the report in evidence. There was insufficient evidence to establish that the officer was the declarant quoted in the report. Accordingly, the report was inadmissible as a business record (*see People v Roberts*, 304 AD2d 364 [2003]; *People v Lewis*, 284 AD2d 172 [2001], *lv denied* 97 NY2d 706 [2002]) or prior inconsistent statement (*see Thompson v Green Bus Lines*, 280 AD2d 468 [2001]; *People v White*, 272 AD2d 239 [2000], *lv denied* 95 NY2d 940 [2000]). To the extent defendant raises a constitutional claim, it is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to confront witnesses and present a defense. Concur—Marlow, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.