*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 26, 2015                    105293
                                                         105728

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                  MEMORANDUM AND ORDER

JOSHUA M. ROUSE,
                         Appellant.

_____

Calendar Date:   February 11, 2015

Before:   Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Robert A. Regan, Glens Falls, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Peters, P.J.

        Appeals (1) from a judgment of the County Court of Warren
County (Hall, J.), rendered August 15, 2012, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree, and (2) by permission,
from an amended order of said court, entered March 18, 2013,
which denied defendant's motion pursuant to CPL article 440 to
vacate the judgment of conviction, without a hearing.

        Defendant waived indictment and agreed to be prosecuted by
a superior court information charging him with criminal
possession of a controlled substance in the third degree, waived
his right to appeal and entered a guilty plea to that charge.  He
was sentenced, as an admitted second felony offender, to a prison

term of five years with three years of postrelease supervision. Thereafter, defendant made a pro se motion, treated as a motion to vacate the judgment pursuant to CPL article 440, premised upon ineffective assistance of counsel. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission of this Court, from the amended order denying his motion.

Defendant argues on appeal that his guilty plea was not knowing, voluntary and intelligent because, as relevant here, he was misinformed by counsel that the undischarged sentence of parole that he was serving at the time of this guilty plea would be served concurrently to the negotiated sentence imposed upon this plea. While the plea colloquy did not address this issue, at sentencing, County Court informed defendant that, by operation of law, this sentence would run consecutively to any undischarged parole time (see Penal Law § 70.25 [2-a]). Defendant asserted that he had been advised by counsel that his parole would be concurrent to the instant sentence and had relied on that advice in entering a guilty plea, and defense counsel made statements supporting defendant's representation. Defendant did not, however, move to withdraw his plea. Thereafter, defendant moved pursuant to CPL 440.10 (1) (h), among other provisions, to vacate the judgment of conviction, submitting an affidavit and documentary evidence supporting his claim that he had been misinformed by counsel, which the People did not refute.[1]

Initially, we find that defendant's contentions "were properly raised in a CPL 440.10 motion because they rely on information outside the record of the plea proceedings and therefore could not have been raised on direct appeal" (People v Reynoso, 88 AD3d 1162, 1163 [2011]; compare CPL 440.10 [2] [c]). Moreover, as the People now concede, defendant's motion to vacate the judgment due to counsel's misinformation, which motion is premised upon defendant's sworn, unchallenged allegations and

_____

[1] The People's opposition only addressed defendant's entitlement to relief under CPL 440.20 and did not factually refute his request for relief under CPL 440.10.

proof including the transcript of the plea proceedings, should have been granted (see CPL 440.30 [3] [a-c]; Penal Law § 70.25 [2-a]; see also People v Diallo, 113 AD3d 199, 202 [2013]). In light of this conclusion, defendant's remaining contentions need not be addressed.

Garry, Rose and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.

ORDERED that the amended order is reversed, on the law, motion granted, judgment vacated, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court