People v Williams (2020 NY Slip Op 05296)





People v Williams


2020 NY Slip Op 05296


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 1744/13 Appeal No. 11927 Case No. 2016-2320 

[*1]The People of the State of New York, Respondent,
v
Jesse Williams, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr. District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered October 29, 2015, convicting defendant, after a jury trial, of assault in the first and second degrees and criminal possession of a weapon in the second degree (two counts), , and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Furthermore, defendant was connected to the crime by a chain of persuasive circumstantial evidence.
Defendant did not preserve any of his present arguments relating to his suppression motion, and we decline to review them in the interest of justice. As an alternative holding, we find these claims unavailing.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The court correctly found that defendant failed to satisfy the requirements under CPL 330.30(3) to set aside the verdict on the ground of newly discovered evidence. Among other things, an undated handwritten statement, added to an otherwise typewritten affidavit, that a nontestifying victim had "recently" seen the assailant in a certain "club" in New York (allegedly referring to a time when defendant was incarcerated) was too vague to create a probability of a more favorable verdict, given that this victim would have been impeached by his prior statements indicating that he would not be able to recognize the assailant (see People v Lewis, 284 AD2d 172, 173 [1st Dept 2001], lv denied 97 NY2d 706 [2002]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020