People v Holguin (2023 NY Slip Op 02391)

People v Holguin

2023 NY Slip Op 02391

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Ind No. 6135/03 Appeal No. 175 Case No. 2022-01468 

[*1]The People of the State of New York, Respondent,
v
Gustavo Holguin, Defendant-Appellant.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about November 8, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered March 7, 2006, unanimously affirmed.
The court providently exercised its discretion in denying the branch of the motion claiming newly discovered evidence. Defendant failed to establish that he made his motion "with due diligence after the discovery of [the] alleged new evidence" (CPL 440.10[1][g]), given the delay of years involved (see e.g. People v Friedgood, 58 NY2d 467, 470-71 [1983]). In any event, defendant failed to show that the testimony of an allegedly exculpatory witness was "of such character as to create a probability that had [it] been received at the trial the verdict would have been more favorable" (CPL 440.10 [1] [g]; see also People v Salemi, 309 NY 208, 216 [1955], cert denied 350 US 950 [1956]). Although the witness set forth a third-party culpability defense in his 2014 and 2018 affidavits (which themselves were somewhat contradictory), he would have been significantly impeached by his statement in 2019, in which he questioned or denied that he read the 2014 and 2018 affidavits before signing them, and contradicted those affidavits by, among other things, denying that he witnessed the shooting (see People v Williams, 187 AD3d 414, 415 [1st Dept 2020], lv denied 36 NY3d 1124 [2021]; People v Rosales, 175 AD3d 1184, 1185 [1st Dept 2019], lv denied 34 NY3d 1081 [2019]).
We reject defendant's argument that the motion court improperly determined the credibility of the proposed witness without a hearing. "[W]hether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination" (People v Jones, 24 NY3d 623, 635 [2014]). The issue was not whether the motion court believed the witness, but whether defendant met his burden of demonstrating the statutorily required "probability" of a different result. The court correctly determined that defendant failed to meet that burden, given the evidence submitted at trial and the series of self-contradictions with which the proposed witness would be confronted and subject to impeachment. Because defendant failed to establish a legal basis for the motion, the court providently exercised its discretion in determining that no hearing was required.
The court also properly denied the branch of the motion claiming ineffective assistance of counsel. This claim was procedurally barred, because defendant filed two prior CPL 440.10 motions, in which he could have raised the same claim (see CPL 440.10[3][c]). Alternatively, the court properly rejected defendant's ineffectiveness claim on the merits. Defendant contended that his trial counsel was ineffective in failing to argue that a photo showed a cartridge case (also known as a shell casing) near the victim's body lying on the ground, which would allegedly undermine an eyewitness's account of how the shooting occurred. However, there is nothing [*2]in the photo that resembles a cartridge case.
Defendant's actual innocence claim, based on essentially the same arguments supporting the foregoing claims, was also unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023