People v Joyce (2024 NY Slip Op 02098)

People v Joyce

2024 NY Slip Op 02098

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Ind. No. 1495/12 Appeal No. 2086 Case No. 2018-4755 

[*1]The People of the State of New York, Respondent,
v
Joell Joyce, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Jill Konviser, J., at suppression hearing and CPL 30.30 motion; Kevin McGrath, J., at plea; Curtis Farber, J., at sentencing), rendered July 13, 2018, convicting defendant of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 12 years, to run concurrently with his sentence on an unrelated federal conviction, unanimously affirmed.
Defendant's purported waiver of his right to appeal was invalid. The court did not adequately advise defendant of the nature of the right to appeal. It failed to make clear that the right was separate and distinct from the trial rights automatically forfeited upon a guilty plea, and its "muddled" advisements regarding the scope of the appellate rights being waived made it "impossible" to be sure that defendant understood the rights he was giving up and the rights he was retaining (People v Thomas, 34 NY3d 545, 566 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; see also People v Lopez, 6 NY3d 248, 256 [2006]). Further, the court failed to discuss the written waiver with defendant, or confirm that he had consulted with counsel about it or understood its contents. Under the circumstances, the written waiver did not cure the deficiencies in the court's oral colloquy (see People v Bonilla, 211 AD3d 614, 614-615 [1st Dept 2022]).
Defendant's suppression motion was properly denied. The police were pursuing an armed assailant who had fired shots just minutes earlier, and stopped defendant, who matched the description of a black male in a black hoodie and a blue jean jacket, in close spatial and temporal proximity to the crime. Generally, a description that provides only the race and gender of a person wearing generic, commonly worn clothing, with no additional information such as a direction of flight or nervous or suspicious behavior, might not provide reasonable suspicion justifying a stop and brief investigatory detention (see e.g. People v Bilal, 170 AD3d 83, 87-88 [1st Dept 2019], appeal dismissed 34 NY3d 1085 [2020]). However, where a report indicates that a suspect not only possesses a gun, but has "used it for the commission of a crime," "personal and public safety may well mandate a more intensive police intrusion" (People v De Bour, 40 NY2d 210, 225 [1976]). Thus, where "police officers find themselves in a rapidly developing and dangerous situation presenting an imminent threat to their well-being, they must be permitted to take reasonable measures to assure their safety" (People v Allen, 73 NY2d 378, 380 [1989]). That the officer immediately handcuffed defendant did not elevate the investigatory detention to an arrest, where the circumstances warranted handcuffing to ensure the officer's safety (see id.). Defendant was not subjected to "prolonged" handcuffing where he was handcuffed for just three to five minutes before the positive identification (compare People v Robinson, 282 AD2d 75, 80 [1st Dept 2001]). The showup [*2]identification procedure conducted following the stop was not unduly suggestive, because "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (People v Brujan, 104 AD3d 481, 482 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]).
Defendant forfeited review of his speedy trial claim by pleading guilty (see People v Suarez, 55 NY2d 940, 942 [1982]). The current version of CPL 30.30(6), which permits defendants who plead guilty to raise statutory speedy trial claims on appeal, became effective after defendant was convicted and does not apply retroactively (People v Rodriguez, 216 AD3d 436 [1st Dept 2023], lv denied 40 NY3d 999 [2023]; People v Lara-Medina, 195 AD3d 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024