People v Elliot (2024 NY Slip Op 02758)

People v Elliot

2024 NY Slip Op 02758

Decided on May 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2024

Before: Webber, J.P., Kern, Shulman, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 5465/10 Appeal No. 2301 Case No. 2019-4541 

[*1]The People of the State of New York, Respondent,
v
Lawrence Elliot, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Sean Nuttall of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about June 21, 2018, which denied defendant's CPL 440.10 motion to vacate a judgment rendered July 10, 2013, as amended July 29, 2013, unanimously affirmed.
A court may exercise its discretion to summarily deny a motion (see People v Jones, 24 NY3d 623, 635 [2014]) when, among other things, the papers "do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30[4][b]), or an essential allegation is "made solely by the defendant and is unsupported by any other affidavit or evidence, and . . . there is no reasonable possibility that such allegation is true" (CPL 440.30[4][d]). The court properly denied, without a hearing, defendant's CPL 440.10 motion to vacate the judgment of conviction in which he claimed that his plea was unknowing and involuntary because he was not apprised of the possibility of civil confinement under the Sex Offender Management Treatment Act (SOMTA) (see People v Jones, 24 NY3d at 635; People v Holguin, 216 AD3d 436 [1st Dept 2023], lv denied 40 NY3d 935 [2023]). Defendant did not include with his moving papers sworn allegations that tended to substantiate his assertions that the prospect of SOMTA confinement was sufficiently realistic and that he would have rejected the plea bargain had he been aware of SOMTA (see CPL 440.30[4][b]; People v Harnett, 16 NY3d 200, 207 [2011]). Rather, defendant's claim that he would be subject to SOMTA confinement were based on his statements that were self-serving and speculative (see CPL 440.30[4][d]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2024