People v Phelps (2025 NY Slip Op 01680)

People v Phelps

2025 NY Slip Op 01680

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

113456
[*1]The People of the State of New York, Respondent,
v
Matthew Phelps, Appellant.

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Adam W. Toraya, Albany, for appellant.
Christina Pearson, District Attorney, Fonda (William G. Berger of counsel), for respondent.

Aarons, J.P.
Appeal, by permission, from an order of the County Court of Montgomery County (Michael W. Smrtic, J.), entered January 24, 2022, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crime of murder in the second degree (two counts) and set aside the sentence, without a hearing.
In July 2012, defendant and another individual, each of whom used a rifle, shot and killed two teenagers. In full satisfaction of an indictment charging him with two counts of murder in the second degree and two counts of criminal possession of a weapon in the fourth degree, defendant pleaded guilty to two counts of murder in the second degree and waived his right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, defendant was sentenced as a juvenile offender to concurrent prison terms of 15 years to life on each conviction.
In June 2020, defendant filed a motion pursuant to CPL article 440 to vacate the judgment of conviction and/or set aside the sentence, arguing that he did not receive the effective assistance of counsel because, among other things, counsel misled him about his sentence and/or parole eligibility (see CPL 440.10 [1] [h]; 440.20 [1]). County Court (Hoye, J.), in a June 2020 order, addressed the merits of, and rejected, each of defendant's claims and denied his CPL article 440 motion without a hearing. This Court subsequently denied defendant's application for leave to appeal the court's June 2020 order (2020 NY Slip Op 75582[U] [3d Dept 2020], lv dismissed 36 NY3d 1099 [2021]).
In April 2021, defendant, self-represented, again moved pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and/or to set aside the sentence, arguing, as relevant here, that he was denied the effective assistance of counsel and that he was coerced into pleading guilty by the prospect of consecutive 15-year sentences after trial. In a January 2022 order, County Court (Smrtic, J.) denied defendant's motion without a hearing, summarily ruling that his ineffective assistance of counsel claims are procedurally barred based upon his first motion and the resulting June 2020 order (see 440.10 [3] [b], [c]), and his coercion claim fails on the merits (see CPL 440.30 [4]). With this Court's permission, defendant appeals from the January 2022 order.
The decision to grant or deny a CPL article 440 motion, with or without a hearing, is entrusted to the sound discretion of the trial court (see Matter of Dinsio v Supreme Ct., Appellate Div., Third Jud. Dept., 125 AD3d 1313, 1314 [4th Dept 2015], lv denied 25 NY3d 908 [2015]; see also People v Brown, 33 NY3d 983, 987 [2019]; People v Wright, 27 NY3d 516, 520 [2016]). As relevant to this appeal, "the court may [summarily] deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon a prior motion or proceeding" or, where a defendant has made a prior CPL 440[*2].10 motion, "the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (CPL 440.10 [3] [b], [c]). Notwithstanding these discretionary procedural bars to relief, a court, "in the interest of justice and for good cause shown . . . may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment" (CPL 440.10 [3]; accord People v Stines, 212 AD3d 883, 887 [3d Dept 2023], lv denied 39 NY3d 1113 [2023]).
First,[FN1] County Court did not abuse its discretion in failing to invoke its discretion to disregard the procedural bars to relief set forth in CPL 440.10 (3). Defendant's motion papers alone do not establish that his CPL 440.10 motion is "otherwise meritorious" so as to summarily grant the motion without a hearing (CPL 440.10 [3]; see also CPL 440.20 [3]; see generally CPL 440.30 [2], [3]).
As to defendant's ineffective assistance of counsel claims alleging that counsel misadvised him about his sentencing exposure in the event he went to trial and failed to pursue beneficial pretrial suppression hearings, County Court properly denied the motion. These claims were, as the court found, procedurally barred because defendant could have, but did not, raise them in his prior CPL article 440 motion (see CPL 440.10 [3] [c]; People v Holguin, 216 AD3d 436, 437-438 [1st Dept 2023], lv denied 40 NY3d 935 [2023]; People v Perez, 185 AD3d 1156, 1158-1159 [3d Dept 2020]; People v Chaney, 160 AD3d 1281, 1286 [3d Dept 2018], lv denied 31 NY3d 1146 [2018]). Further, as a juvenile offender, defendant's sentencing exposure for each of his murder convictions was a minimum prison term of 7½ to 15 years and a mandatory maximum of life in prison (see Penal Law § 70.05 [2] [a]; [3] [a]). Contrary to defendant's contention, consecutive sentences are authorized because his two convictions of murder in the second degree involved distinct acts of separately shooting the two victims (see Penal Law §§ 70.25, 125.25 [1]; People v McKnight, 16 NY3d 43, 47-50 [2010]; People v Guzy, 167 AD3d 1230, 1237-1238 [3d Dept 2018], lv denied 33 NY3d 948 [2019]). As such, the court properly rejected, without a hearing, defendant's claim that he was coerced into pleading guilty by the threat of illegal consecutive sentences (see CPL 440.30 [4] [a]).
Next, defendant asserts that his guilty plea was not knowing, voluntary and intelligent because counsel misadvised him about when he would become eligible for parole if he took the People's plea offer (see People v Rouse, 126 AD3d 1227, 1227 [3d Dept 2015]). Defendant raised this issue in his first CPL article 440 motion, and County Court (Hoye, J.), in its June 2020 order, purported to reject this claim on the merits, without a hearing, pursuant to CPL 440.30 (4) (d). That provision is meant to filter out frivolous CPL article 440 motions by authorizing a merits-based summary denial when "[a]n allegation of fact essential to support the motion (i) is contradicted [*3]by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]; see People v Lantigua, 184 AD3d 80, 82 [1st Dept 2020]).
The relevant part of the June 2020 order does not comport with those requirements. For example, the June 2020 order states that defendant's claim was contradicted by the plea transcript, yet that transcript only reveals that defendant was advised that he would be eligible for parole "[a]fter a certain point" (see CPL 440.30 [4] [d] [i]). Further, the June 2020 order concludes that defendant's ineffective assistance claim could not possibly be true, when the relevant inquiry should have been directed at defendant's factual allegations that trial counsel misinformed him of when he would be eligible for parole and that, but for such misinformation, he would have gone to trial (see CPL 440.30 [4] [d] [ii]; People v Lantigua, 184 AD3d at 87-89). The June 2020 order also indicates that defendant's submissions failed to prove he was denied the effective assistance of counsel by a preponderance of the evidence. This, too, was irregular, for that standard applies to a defendant's proof of essential facts at a CPL article 440 hearing, and it is undisputed that no such hearing ever occurred (see CPL 440.30 [6]; compare People v Perry, 174 AD3d 1225, 1226 [3d Dept 2019], lv denied 34 NY3d 1018 [2019]).
Notwithstanding these irregularities in the June 2020 order, CPL article 440 does not obligate a court to evaluate the correctness of a prior order on the merits of an issue before summarily denying a subsequent motion advancing the same issue. Thus, we cannot say that County Court (Smrtic, J.) abused its discretion in summarily denying so much of the instant motion as asserts counsel misadvised defendant about his parole eligibility (see People v Glinton, 74 NY2d 779, 780 [1989]). Still, having made that bar discretionary rather than mandatory (compare CPL 440.10 [2]; 440.30 [2]), the Legislature anticipated there would be times when it would be appropriate to reconsider issues previously decided on the merits (see CPL 440.10 [3]; cf. People v Gaston, 163 AD3d 442, 443 [1st Dept 2018]). Doubtless those times should be rare; but, in our view, this is one of them.
Critically, the instant motion includes witness affidavits affirming that counsel assured defendant that he would be eligible for parole review as early as halfway through his minimum 15-year term of imprisonment (see CPL 440.30 [1] [a]; compare CPL 440.30 [4] [d]). Also attached is correspondence between defendant and counsel from December 2020. In one letter, defendant asks why counsel advised him that he would be eligible for early parole; counsel's response does not address defendant's question. Given defendant's submissions, plus his relatively young [*4]age and inexperience with the criminal justice system at the time of his guilty plea, along with the irregularities in the June 2020 order, summary denial of defendant's motion was an improvident exercise of discretion. Accordingly, in the exercise of our broad authority to substitute our discretion for that of County Court (see People v Washington, 71 NY2d 916, 918 [1988]; People v Baker, 64 NY2d 1027, 1028 [1985]), we set aside the procedural bars to relief on the issue of counsel's alleged erroneous parole advice and remit the matter for a hearing (see People v Jones, 210 AD3d 150, 156 [3d Dept 2022]; People v Carter, 105 AD3d 1149, 1151 [3d Dept 2013]; People v Jenkins, 84 AD3d 1403, 1408 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]; see generally CPL 440.10 [3]; People v Roshia, 206 AD3d 1057, 1057-1058 [3d Dept 2022]; People v Bryce, 287 AD2d 799, 804 [3d Dept 2001]). At the hearing, defendant will bear the burden of proving, by a preponderance of the evidence, his allegation that trial counsel misadvised him about his parole eligibility if he took the People's plea offer and that, but for counsel's error, there is a reasonable probability that he would have insisted on going to trial (see CPL 440.30 [5], [6]; People v Hernandez, 22 NY3d 972, 976 [2013], cert denied 572 US 1070 [2014]; People v McDonald, 1 NY3d 109, 113 [2003]; People v Diallo, 113 AD3d 199, 202 [3d Dept 2013]; see generally US Const 6th Amend; NY Const, art I, § 6). Defendant's remaining contentions, to the extent not covered above, have been evaluated and found to be unavailing.
Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Defendant's arguments that the restitution amount ordered at sentencing was not part of the original plea agreement and that County Court failed to determine his youthful offender eligibility are not raised in his appellate brief and are therefore deemed abandoned (see People v Kimball, 213 AD3d 1028, 1031 n [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Defendant's contentions that his appeal waiver is invalid and that his counsel's brief representation of the codefendant at the time of their arrests presented an actual conflict of interest are unpreserved for our review, as defendant failed to press those issues in the instant CPL article 440 motion (see People v Nitchman, 173 AD3d 1261, 1263 [3d Dept 2019]; People v Sparks, 160 AD3d 1279, 1280 [3d Dept 2018], lv denied 32 NY3d 1115 [2018]).